**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 18, 2013
Decided July 30, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3109

| | |
|---|---|
| GAJINDER PAL SINGH CHAWLA and MAHONJEET KAUR, <br> *Petitioners,* <br> v. <br><br> ERIC H. HOLDER, JR., Attorney General of the United States, <br> *Respondent.* | Petition for Review of an Order of the Board of Immigration Appeals. <br><br> Nos. A096-493-562 <br> A096-493-563 <br> A099-769-358 |

## O R D E R

Gajinder Pal Singh Chawla and Mahonjeet Kaur fear persecution if they return to their native India, based on police hostility towards Chawla because of his involvement in a police corruption lawsuit in Punjab. Chawla petitions for review of an order of the Board of Immigration Appeals denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Board denied his application after upholding the immigration judge's adverse credibility finding based on, among other things, Chawla's inconsistencies about the number of times he was kidnaped and threatened by the Punjab police. As substantial evidence supports this adverse credibility finding, we deny the petition for review.

Chawla and his wife were admitted to the United States on February 14, 2003, as nonimmigrant visitors and were granted permission to remain for three months. On March 7, 2003, Chawla filed an asylum application with the Department of Homeland Security's United States Citizenship and Immigration Service (USCIS), listing his wife as a derivative beneficiary. Following an interview with Chawla, USCIS declined to grant his application and on June 24, 2003, referred his application to the Chicago immigration court for a *de novo* review. Removal proceedings were commenced on June 30, 2003, when the Department of Homeland Security filed Notices to Appear in Immigration Court. The Notices charged that the Petitioners were removable under 8 U.S.C. § 1227(a)(1)(B), as aliens who remained in the United States longer than their temporary admission as nonimmigrants allowed. In immigration court, Chawla admitted to all factual allegations in the Notices to Appear, conceded removability as charged, and indicated he wished to renew his application for asylum, withholding of removal and protection under CAT.

The crux of Chawla's argument before the immigration court was that he feared persecution from certain corrupt police officers in Punjab because of his work as a press reporter. Chawla claims that he documented police abuses in Punjab, and as a result, a police officer was charged with corruption. Chawla claims he was kidnaped upwards of thirty times by the Punjab police, who kept him captive for days and threatened him with death if Chawla gave in-court testimony against the Punjab police. Chawla's story, however, is inconsistent at best. A review of the record indicates that Chawla provided three significantly different accounts of his alleged prior persecution: in his asylum application, his asylum interview, and before the immigration court.

In his asylum application, Chawla details two traumatic and lengthy abductions, where he was denied food and water for days on end, because he testified against a Punjab police officer at trial. During an interview with his asylum officer, Chawla then claimed that he was actually abducted "twenty or thirty times" and was on the witness list to testify against the Punjab police, but was never called to testify. Before the immigration court Chawla, while under oath, testified that he was abducted once and it occurred at the Indian courthouse immediately following his in-court testimony against a Punjab police officer.

It is Chawla's burden to provide evidence to show he has a well-founded fear of persecution in his native India. *Ni v. Holder*, 635 F.3d 1014,1019 (7th Cir. 2011). When the immigration judge asked Chawla to account for the material inconsistencies in his story, Chawla explained that he did not mention the prior twenty to thirty times he was kidnaped in his asylum application or in his testimony before the immigration court, because they were not "major incidents." Accordingly, the immigration judge found Chawla not credible, and that he failed to provide sufficient corroborative evidence to overcome the negative credibility

determination. Chawla then filed a timely appeal of the immigration judge's decision to the Board. The Board dismissed Chawla's appeal, affirming the immigration judge's decision denying Chawla's asylum application, as it found the immigration judge's adverse credibility determination was not clearly erroneous.

In his petition before this court, Chawla challenges the adverse credibility determination relied up on by the immigration judge (and the Board) to deny his application. Chawla argues that he presented credible testimony and substantial evidence demonstrating that he harbors a well-founded fear of persecution, should he return to India.

This court will uphold the Board's decision so long as it is supported by substantial evidence, and will overturn it only if the record compels a contrary result. *Xiao v. Mukasey*, 547 F.3d 712, 717 (7th Cir. 2008); *Torres v. Mukasey*, 551 F.3d 616, 626 (7th Cir. 2008). The immigration judge found, and the Board affirmed, that Chawla's testimony regarding past persecution and his fear of future persecution was incredible, and that Chawla failed to provide either a convincing explanation or adequate corroborating evidence to support his asylum claim. The Board concluded that the immigration judge properly based her adverse credibility finding on the repeated inconsistencies in Chawla's account of how many times, if at all, he was kidnaped. Chawla attempts to characterize these inconsistencies as "trivial" but we disagree. Whether Chawla was actually kidnaped by his persecutors is clearly relevant to the heart of his claim. Further, Chawla's story was inconsistent, to say the least, as to how many times he was kidnaped, varying wildly from once to thirty times. The adverse-credibility determination was based in part on this discrepancy, which we believe is a "specific, cogent reason that bear[s] a legitimate nexus to the finding." *Capric v. Ashcroft*, 355 F.3d 1075, 1086 (7th Cir. 2004). We may not disturb such a judgment.

Further, when an alien is found to be incredible, as is the case here, it is incumbent on him to provide "a convincing explanation of the discrepancies or extrinsic—and credible—corroborating evidence." *Capric*, 355 F.3d at 1086 (citation omitted). Chawla has failed to do so. His explanation of the inconsistencies in his story are vague at best and border on nonsensical. Accordingly, the immigration judge did not err in finding, nor the Board in affirming, that Chawla failed to demonstrate the requisite persecution needed to qualify for asylum. And because Chawla cannot meet the standard for his asylum claim, he necessarily cannot satisfy the more stringent standards for withholding of removal and protection under the CAT. *Kholyavskiy v. Mukasey*, 540 F.3d 555, 568 n. 14 (7th Cir. 2008). The petition for review is **DENIED**.